IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35585-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| D.D.[†] | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — D.D. appeals from a juvenile court adjudicating her guilty of possession of a stolen motor vehicle. She argues the evidence was insufficient to sustain her conviction. We affirm.

FACTS

After shopping at the Union Gap Ross store, Teresa Arroyo Valdez went to the parking lot and could not find her black Honda Accord. She called the police and reported her car stolen.

---

[†] To protect the privacy interests of D.D., a minor, we use her and her sister's initials throughout this opinion. General Order for the Court of Appeals, *In re Changes to Case Title* (Aug. 22, 2018), effective Sept. 1, 2018.

Shortly after 5:00 a.m. the next morning, Yakima Police Officer Thomas Tovar was driving on North 20th Avenue and saw a black Honda Accord driving toward him. He checked the license plate and discovered that the car had been reported stolen.

Officer Tovar then turned to pursue the car. He saw the Honda turn down Willow Street. Officer Tovar activated his emergency lights, turned down Willow Street, but did not immediately see the Honda. As he drove along Willow Street, he spotted the Honda pulled over behind him on the side of North 19th Avenue, near Swan Road. Officer Tovar braked and drove his car in reverse onto North 19th Avenue behind the Honda.

Officer Tovar noticed that the driver was still in the car and was its sole occupant. He radioed for assistance to perform a high-risk felony stop. Officer Lucas Hinton was nearby and arrived to assist. The driver complied with commands to exit the Honda, and the officers placed her in handcuffs and secured her in a patrol car.

The driver identified herself as C.C., date of birth September 16, 1994. The officers attempted to verify her identity and soon suspected that she was C.C.'s juvenile sister, D.D. They asked if she was D.D., and she falsely denied it.

D.D. tried to explain why she was driving someone else's car. She told the officers that she was visiting a friend named Thomas Hardy who had a cousin Chris. She did not know Chris's last name. D.D. said that while Thomas was sleeping, she told

2

Chris that she needed a ride to North 24th Avenue and Castlevale Road. She said that Chris, whom she did not know well, asked if he could trust her, and then told her she could borrow his car if she dropped it off near North 19th Avenue and Swan Road. D.D. said that Chris had described the key as being an aftermarket key with no keyring that was jammed in the ignition and could not be removed. She did not know the address where she had received the car.

Law enforcement soon informed Ms. Valdez that her car had been recovered around 19th Avenue and Swan. She obtained a ride to recover her car. Once there, Ms. Valdez saw papers that had been in the glove box strewn throughout her car. Some of the papers had her name on them. She also noticed her stereo was gone, a key was stuck in the ignition, wires were exposed, and the hood would not close normally. The key required pliers for it to be removed from the ignition.

The State charged D.D. in juvenile court with possession of a stolen motor vehicle and making a false or misleading statement to a public servant. After a bench trial, the court found that D.D. had falsely identified herself, and had "possessed a stolen motor vehicle with knowledge that it was stolen when she drove Ms. Valdez's car with a key stuck in the ignition, a missing stereo, papers addressed to the true owner tossed about in it, and [drove and parked the car] in a manner suggesting she was attempting to avoid

3

No. 35585-3-III
*State v. D.D.*

Officer Tovar's detection." Clerk's Papers at 22. The trial court adjudicated D.D. guilty of making a false or misleading statement to a public servant and possession of a stolen motor vehicle.

She timely appealed.

ANALYSIS

D.D. argues the State presented insufficient evidence to sustain her adjudication for possession of a stolen motor vehicle. Specifically, she argues that the circumstantial evidence that she had notice was insufficient. We disagree.

SUFFICIENCY OF THE EVIDENCE

In a criminal case, the State must provide sufficient evidence to prove each element of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). When a defendant challenges the sufficiency of the evidence, the proper inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Id.* Furthermore, "[a] claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably

4

can be drawn therefrom." *Id.* In a challenge to the sufficiency of the evidence,

circumstantial evidence and direct evidence carry equal weight. *State v. Goodman*, 150

Wn.2d 774, 781, 83 P.3d 410 (2004).

Under RCW 9A.56.068(1), "[a] person is guilty of possession of a stolen vehicle if

he or she . . . [possesses] a stolen motor vehicle." "'Possessing stolen property' means

knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that

it has been stolen and to withhold or appropriate the same to the use of any person other

than the true owner or person entitled thereto." RCW 9A.56.140(1). "A person knows or

acts knowingly or with knowledge when . . . he or she has information which would lead

a reasonable person in the same situation to believe that facts exist which facts are

described by a statute defining an offense." RCW 9A.08.010(1)(b).

Here, the State presented ample circumstantial evidence that a reasonable person in

D.D.'s same situation would believe that the Honda was stolen. First and foremost, the

Honda had an aftermarket key jammed into the ignition that could not be manually

removed. The stereo was missing and documents with Ms. Valdez's name on them were

strewn about the car. Second, D.D.'s unsubstantiated story was not believable: Someone

she barely knew loaned her the Honda at 5:00 a.m. and instructed her to leave it with a

key stuck in the ignition, effectively permitting anyone to drive it away. Third, viewing

the evidence in the light most favorable to the State, a reasonable trier of fact could have found that D.D. saw the officer turn his patrol car around to follow her, and that she attempted to hide *because* she knew the Honda was stolen.

We conclude that the State presented substantial circumstantial evidence that D.D. reasonably should have known that the Honda was stolen. In fact, the evidence established that she did know the Honda was stolen.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Pennell, J.

6